UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYSON MANKER, on behalf of himself and all others similarly situated, and NATIONAL VETERANS COUNCIL FOR LEGAL REDRESS, on behalf of itself, its members, and all others similarly situated,<br><br>                *Plaintiffs*,<br><br>        v.<br><br>RICHARD V. SPENCER, Secretary of the Navy,<br><br>                *Defendant*. | No. 3:18-cv-00372-CSH<br><br>January 16, 2019 |

**PLAINTIFFS' OPPOSITION TO MOTION TO CONTINUE HEARING**

Pursuant to Rule 7(b) of the Rules of this Court, Plaintiffs respectfully oppose Defendant's motion to continue the January 22, 2019 hearing (Docket # 41).

Plaintiffs empathize with the fact that counsel for Defendant is currently furloughed because of the government shutdown. Nonetheless, any delay in this case prejudices Plaintiffs, as each day is another that the Defendant, acting through the NDRB, deprives Plaintiffs and class members of protected liberty and property interests without the due process of law. This court, in granting Plaintiffs' motion for class certification, observed that "[t]he injunctions sought would provide relief to each member of the class because . . . they would ensure that their applications are being reviewed under the standard that both Plaintiffs and Defendant say applies to the NDRB." (Docket # 33). *See also* Complaint ¶ 220 (Docket # 1) ("They are also denied access to VA benefits and other services that they have rightfully earned through their service.").

Although the government is in the midst of a partial shutdown, Defendant and, indeed, the Department of Defense continue to operate, as its budget was finalized in an appropriation bill not affected by the shutdown. Department of Defense and Labor, Health and Human Services, and Education Appropriations Act, 2019, Pub. L. 115-245. As a result, Defendant's discriminatory action at issue in this case is ongoing. Given that the President asserted that the current shutdown may continue for "months or even years," Plaintiffs may suffer this harm for an indefinite period if the Court does not direct the Defendant to attend the scheduling conference to discuss the parties' discovery disputes despite the partial government shutdown. Sheryl Gay Stolberg & Michael Tackett, Trump Suggests Government Shutdown Could Last for 'Months or Even Years,' N.Y. Times (Jan. 4 2019), https://www.nytimes.com/2019/01/04/us/politics/democrats-trump-meeting-government-shutdown.html.

The Government has requested similar delays in other ongoing litigation involving federal programming. Particularly in cases, like this one, that will impact the welfare of a large number of people, the courts have exercised their authority to deny such requests. The courts have relied on a standard articulated by the Attorney General regarding "the continuance of government functions during a temporary lapse in appropriations": "there must be some reasonable and articulable connection between the [government] function to be performed and the safety of human life or the protection of property," and "some reasonable likelihood that the safety of human life or the protection of property would be compromised, in some degree, by delay in the performance of the function in question." 43 Op. Att'y Gen. 293 (January 16, 1981). The courts have applied this standard to deny government requests to delay other cases during this shutdown. Where there is 'some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property' government functions

may continue." Minute Order in *O.A. et al. v. Trump et al.*, No. 18-CV-02718-RDM (D.D.C. Dec. 27, 2018) (citing 43 Op. Att'y Gen. 293 (January 16, 1981)). In that case, involving an order by President Trump which would strip asylum eligibility from migrants who cross the southern border outside a designated port of entry, the District Court for the District of Columbia denied the Government's request to stay current briefing deadlines. Similarly, Plaintiffs here challenge government practices that put human safety and property at risk. Plaintiffs seek that the Naval Discharge Review Board fix its policies and practices and cease to arbitrarily and capriciously deny veterans discharge upgrades in disregard of Department of Defense guidance. These denials of discharge upgrade applications prevent veterans with PTSD and other mental health illnesses from accessing essential and potentially life-saving mental health resources.

In other cases during this shutdown, courts have properly ruled that federal attorneys "are required to find the means by which to continue their participation in this litigation on a timely basis regardless of their client's internal issues." Memorandum & Order at 1, *United States v. Baltimore Police Dep't*, No. JKB-17-0099, Docket No. 173 (D. Md. Dec. 26, 2018). An order from this Court will give authorization by law for Department of Justice attorneys to continue working on this case. 31 U.S.C. § 1342 (permitting federal employees to work unpaid if "authorized by law"). The Department of Justice has indicated that, if motions to continue filed by furloughed employees are denied, "the Government will comply with the court's order, which would constitute express legal authorization for the [litigation] activity to continue." U.S. Dep't of Justice, FY 2019 Contingency Plan, (Jan. 10, 2019), *available at* https://www.justice.gov/jmd/page/file/1015676.  This is an appropriate work-around to the impact of the government shutdown in this case.

Veterans applying to the NDRB must have a fair opportunity—via the imposition of the proper standards instituted by the Hagel and Kurta memos—to obtain the discharge upgrades they deserve so that their liberty and property interests may be preserved. Veterans continue to suffer the traumas of the Navy and Marine Corps' unjust treatment and discharge of those with PTSD, TBI, and other mental health conditions, and a continuance in this matter would unduly prolong their suffering. Thus, Plaintiffs respectfully request that Defendant's motion be denied.

Respectfully submitted,

/s/ Michael J. Wishnie

Samantha G. Peltz, Law Student Intern
Jonathan B. Petkun, Law Student Intern
Westley A. Resendes, Law Student Intern
Renée A. Burbank, Supervising Attorney*
Michael J. Wishnie, Supervising Attorney, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
Yale Law School[†]
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

Susan J. Kohlmann, *pro hac vice*
Jeremy M. Creelan, *pro hac vice*
Jeremy H. Ershow, *pro hac vice*
Jessica A. Martinez, *pro hac vice*
Nicole Taykhman, *pro hac vice*
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1678
jcreelan@jenner.com

---

\* Application for Admission to the District of Connecticut pending.

[†] This brief does not purport to state the views of Yale Law School, if any.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, copies of the foregoing opposition to Defendant's motion to continue were served upon all counsel of record by ECF.

/s/Michael J. Wishnie

Michael J. Wishnie
Veterans Legal Services Clinic
 Jerome N. Frank Legal Services Org.
Yale Law School
127 Wall Street
New Haven, CT 06511
(203) 436-4780
michael.wishnie@ylsclinics.org