# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

**VIA ECF**

September 13, 2019

The Honorable Charles S. Haight
United States District Judge
District of Connecticut
141 Church Street
New Haven, CT 06510

    Re:    *Manker v. Spencer*, No. 3:18-cv-372 (CSH)

Dear Judge Haight:

    Plaintiffs respectfully submit this letter to inform the Court of a recent order in this District that addresses the discovery issues similar to those previously briefed before this Court. *See* ECF Nos. 51, 54, and 61. On September 9, 2019, in *Kennedy v. Esper*, No. 3:16-cv-2010-WWE (D. Conn.), Judge Eginton granted discovery outside the administrative record and referred the case to a magistrate judge to supervise discovery in that action. *See Kennedy*, ECF No. 101 at 3, attached as Exhibit A. *Kennedy* is a certified class action of Army veterans who, like Plaintiffs in this case, allege that a discharge review board arbitrarily and unlawfully denied discharge upgrade applications in violation of the Administrative Procedure Act ("APA"). The plaintiffs in *Kennedy* had similarly alleged that extra-record discovery is necessary to provide meaningful judicial review.

    Because of the similarities between the cases, Judge Eginton's decision provides additional authority for the *Manker* class's position that extra-record discovery is necessary. Specifically, Judge Eginton found: (1) that the administrative record was insufficient and (2) because the *Kennedy* plaintiffs challenge the defendant's general course of conduct, limited discovery outside of the administrative record is necessary. *Kennedy* at 3. The *Kennedy* order is instructive for two reasons. First, as discussed in our May 31 letter to the Court, *see* ECF No. 61, the administrative record in this case is similarly insufficient. The administrative records produced in both cases contain similar material: the records related to two individuals' applications to the relevant discharge review board, and a set of mostly publicly-available supplemental materials related to agency policies and training. Second, Judge Eginton found that where the administrative record is insufficient and the plaintiffs challenge an agency's general course of conduct—as Plaintiffs in this case do—limited discovery outside of the administrative record is necessary. *Kennedy* at 3; *see also* ECF Nos. 51, 54, and 61. As in *Kennedy*, Plaintiffs need further discovery to prove their allegations concerning Defendant's practices related to discharge upgrade applications and implementation of agency guidance.

    For these reasons, as well as those already briefed and argued, Plaintiffs respectfully request that the Court authorize additional discovery in this action in the event that it denies Defendant's motion to dismiss.

Respectfully,

/s/ Michael J. Wishnie

| | |
|---|---|
| Mollie Berkowitz, Law Student Intern* | Susan J. Kohlmann, *pro hac vice* |
| Kayla Morin, Law Student Intern* | Jeremy M. Creelan, *pro hac vice* |
| Samantha Peltz, Law Student Intern | Jeremy Ershow, *pro hac vice* |
| Blake Schultz, Law Student Intern | Jessica A. Martinez, *pro hac vice* |
| Renée A. Burbank, Supervising Attorney, ct30669 | Nicole Taykhman, *pro hac vice* |
| Michael J. Wishnie, Supervising Attorney, ct27221 | Jenner & Block LLP |
| Veterans Legal Services Clinic | 919 Third Avenue |
| Jerome N. Frank Legal Services Org. | New York, NY 10022-3908 |
| Yale Law School† | Tel: (212) 891-1678 |
| P.O. Box 209090 | SKohlmann@jenner.com |
| New Haven, CT 06520-9090 | |
| Tel: (203) 432-4800 | |
| michael.wishnie@ylsclinics.org | |

---

*Motion for law student appearance forthcoming.
† This letter brief does not purport to state the views of Yale Law School, if any.