

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203) 821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5373*
*New Haven, Connecticut  06510*  www.usdoj.gov/usao/ct

October 22, 2019

The Honorable Charles S. Haight, Jr.
Senior United States District Judge for the District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street
New Haven, Connecticut 06510

**Re:**   *Manker v. Spencer*, **3:18-cv-372 (CSH)**

Dear Judge Haight,

  On October 21, 2019, the plaintiffs provided an unsolicited letter to the Court offering additional evidence.  The evidence primarily consisted of statistics regarding discharge upgrades from the Naval Discharge Review Board ("NDRB").  It is unclear how the statistics were calculated, who calculated the statistics, and what, if any, statistical analyses were performed on the raw data.

  The primary argument advanced in the letter is that the unanalyzed statistics disprove the representations made by undersigned counsel during the oral argument before Your Honor.  Specifically, the plaintiffs' counsel argue that these statistics demonstrate that the NDRB was not properly guided and that the NDRB is acting inappropriately.  The statistics do not prove these points.

  First, at the Court's order, the administrative record was filed with the Court.  The administrative record demonstrates that the NDRB did, indeed, receive guidance.  *See*, *e.g.*, AR0961-AR0965.  Second, the plaintiffs attempt to infer from the statistics that, simply because more individuals are not receiving discharge upgrades, the NDRB is acting inappropriately.  These statistics do not support such an inference, especially in light of the underlying nature of this case.  Although this is a class action, the underlying claim is brought pursuant to the Administrative Procedure Act ("APA").  Under the APA, the Court does not analyze the performance of the NDRB across all cases and institute broad, programmatic changes.  Instead, the Court is called to decide whether the NDRB, in the representative plaintiffs' cases, acted in an arbitrary or capricious manner.

  Finally, the plaintiffs' counsel appear to criticize undersigned counsel for relying on facts outside of the record.  As demonstrated above, undersigned counsel relied on the facts properly

1

before the Court.  It is the plaintiffs' counsel that now offers facts outside of the administrative record, beyond the time of the complaint, and purely based on plaintiffs' counsels' representation.[1] The defendant respectfully requests that the Court disregard the plaintiffs' October 21, 2019, letter.

      Based on the briefing and oral argument, the defendant respectfully requests that the Court grant the defendant's motion to dismiss.

                                      For the Defendant,

                                      John H. Durham
                                      United States Attorney

By:   /S/ David C. Nelson
        David C. Nelson
        Michelle L. McConaghy
        Assistant U.S. Attorneys
        Lt. Commander Jonathan E. Dowling
        United States Navy

---

[1] Incidentally, and without waiving the assertion that each petition must be reviewed individually, the quarterly report data indicates that the NDRB generally grants relief for petitions involving mental health claims at greater percentage rate than petitions that do not involve mental health claims. *See* https://www.secnav.navy.mil/mra/CORB/Documents/NDRB-QUARTERLY-REPORT.pdf (last visited on October 22, 2019).