# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYSON MANKER, on behalf of himself and all others similarly situated, and NATIONAL VETERANS COUNCIL FOR LEGAL REDRESS, on behalf of itself, its members, and all others similarly situated, | No. 3:18-cv-372 (CSH)(RMS) |
| *Plaintiffs*, | December 13, 2019 |
| v. | |
| THOMAS B. MODLEY, Acting Secretary of the Navy, | |
| *Defendant*. | |

# [PROPOSED] DISCOVERY ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the Court's Order dated December 9, 2019 (ECF No. 88), and in light of the parties' Joint Status Report filed on December 6, 2019 (ECF No. 87), IT IS HEREBY ORDERED that:

1.      By January 31, 2020, or 10 days before any Rule 30(b)(6) deposition of the Naval Discharge Review Board ("NDRB"), whichever is earlier, Defendant shall produce the following categories of documents to the Plaintiffs:

   a.  All NDRB decisions from 2001 to the present. The decisions will be produced in accordance with a protective order that the parties plan to agree to and submit for the Court's review.  Defendant will produce redacted versions of decisions from 2001 to 2016; defendant will produce unredacted versions of decisions from 2016 to the present, in accordance with the protective order.

b. All training documents for the NDRB relating to training on adjudications of matters in which the applicant has PTSD, TBI, or symptoms thereof from 2001 through 2014 and, to the extent not already captured in the administrative records produced, from 2014 to the present.

c. All operational documents for the NDRB within the possession of the Defendant from 2001 to the present, including, but not limited to, documents concerning:

    i. The setup of the NDRB and how it functions on a daily basis;

    ii. Joint trainings of the Discharge Review Boards ("DRBs"); and

    iii. The operation of the presumption of regularity at the NDRB.

d. Aggregate statistics on the number of individuals that were discharged by the Navy and Marine Corps from 2001 to the present with a less-than-Honorable service characterization (which, for the purposes of this case, includes "General" and "Other-than-Honorable" discharges but not "Bad Conduct" or "Dishonorable" discharges), specifically noting that an inability to produce this information due to the Navy or Marine Corps no longer having the necessary data will not be construed as a violation of this order.

e. Aggregate statistics on the number of individuals discharged from the Navy and Marine Corps from 2001 to the present with a less-than-Honorable service characterization who later developed PTSD or other mental health conditions, to the extent the Navy is capable of generating this information, specifically noting that an inability to produce this information due to the Navy or Marine Corps not having tracked the necessary data will not be construed as a

violation of this order. To the extent the Navy is unable to produce this category of documents by the above deadline, Defendant shall, by the deadline, provide Plaintiffs with an update on the status of such production, including the reasons for which the Navy was unable to produce this category of documents.

2.    The parties shall agree on a mutually convenient date for a Rule 30(b)(6) deposition, to be held in advance of the settlement conference currently scheduled to take place on February 19, 2020, on the following topics:

a.    NDRB trainings, including, but not limited to (1) trainings with other DRBs held from 2001 to the present and (2) trainings on the implementation of the Hagel, Kurta, Carson, and Riehl memoranda;

b.    Compliance with NDRB policies and federal regulations; and

c.    NDRB operations.

3.    The parties shall continue to work in good faith to attempt to resolve any outstanding issues upon which they do not yet agree, including those issues raised in Section II of the December 6, 2019 Joint Status Report.

_____
ROBERT M. SPECTOR
JUDGE

AGREED TO:

FOR PLAINTIFFS:


By: /s/ Susan J. Kohlmann

Susan J. Kohlmann, *pro hac vice*
Jeremy M. Creelan, *pro hac vice*
Jeremey Ershow, *pro hac vice*
Jessica A. Martinez, *pro hac vice*
Nicole Taykhman, *pro hac vice*
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1678
SKohlmann@jenner.com

Mollie Berkowitz, Law Student Intern
Kayla Morin, Law Student Intern
Samantha Peltz, Law Student Intern
Blake Shultz, Law Student Intern
Michael J. Wishnie, ct27221
Renée A. Burbank, ct30669
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

*Counsel for Plaintiffs*



FOR DEFENDANTS:

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ *Natalie Elicker*
Natalie Elicker
Michelle L. McConaghy
David C. Nelson
Assistant U.S. Attorneys

*Counsel for Defendant*

4