919 THIRD AVENUE NEW YORK, NY 10022-3908

**JENNER&BLOCK** LLP

January 15, 2020

Susan J. Kohlmann
Tel +1 212 891-1690
skohlmann@jenner.com

The Honorable Robert M. Spector
United States Magistrate Judge
District of Connecticut
141 Church Street
New Haven, CT 06510

**Re:**   *Manker, et al. v. Modley*, No. 3:18-cv-372 (CSH)

Dear Judge Spector:

We represent Plaintiffs in the above-referenced matter and write to request the Court's assistance in resolving an important outstanding discovery dispute between the parties: whether Plaintiffs may take a deposition of a representative of the Department of Defense ("DOD") pursuant to Federal Rule of Civil Procedure 30(b)(6). This issue remains unresolved despite the parties' good-faith efforts to resolve it.

### I.   Relevant Background

Plaintiffs identified the need for a Rule 30(b)(6) deposition of a DOD representative based on the relevance of the DOD's operations to the claims in this case, including specifically its policies and procedures governing training, management, and oversight of the discharge review boards ("DRBs"). *See* Joint Status Report, ECF No. 87, at 3. A Rule 30(b)(6) deposition of a DOD representative is needed for Plaintiffs to prepare effectively for the joint settlement conference scheduled for February 19, 2020, in conjunction with *Kennedy v. McCarthy*, No. 3:16-cv-2010-WWE (D. Conn.). Plaintiffs did not agree in the joint status report to defer resolution of this issue until after the conference. *See* ECF No. 87, at 3.

Plaintiffs understand Defendant opposes a Rule 30(b)(6) deposition of a DOD representative on two grounds: (1) the DOD is not a party to the case, and (2) Plaintiffs will depose a representative of the Naval Discharge Review Board ("NDRB") under Rule 30(b)(6), and that representative would, in Defendant's view, be familiar with the topics on which Plaintiffs would depose a DOD representative, making a deposition of a DOD representative redundant and unnecessary. The first reason is not a sufficient basis to deny Plaintiffs a Rule 30(b)(6) deposition of a DOD representative, and Defendant's second reason is incorrect. A Rule 30(b)(6) deposition of a DOD representative will be key to the adjudication of Plaintiffs' claims in this case, as well as helpful to ensuring a productive settlement conference.

*Manker, et al. v. Modley*, No. 3:18-cv-372 (CSH)
January 15, 2020
Page 2

## II. The Defendant's Grounds for Opposition to a 30(b)(6) Deposition of a DOD Official Are Insufficient

DOD's status as a nonparty does not preclude Plaintiffs from seeking a Rule 30(b)(6) deposition of an agency representative. Plaintiffs are entitled to depose a nonparty, including a government agency, if that nonparty has information relevant to the suit. *See* Fed. R. Civ. P. 30(b)(6). The rules governing nonparty depositions "generally do not place any initial burden on parties to justify their deposition and discovery requests." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). Accordingly, this Court has previously denied a nonparty's motion for a protective order opposing a Rule 30(b)(6) deposition because that nonparty possessed information relevant to the suit. *See Wells Fargo Bank, N.A. Tr. v. Konover*, No. 3:05-CV-1924 (CFD)(WIG), 2008 WL 11377691, at *11 (D. Conn. July 10, 2008).

Furthermore, a DOD representative would possess information relevant to this suit, and would provide testimony that the designated NDRB official could not for at least two reasons.

First, the DOD authored and issued the recent policy memoranda produced by Defendant and relied on by Judge Haight in his opinion denying the motion to dismiss this action. *See* ECF No. 79, at 29-31 (summarizing the Hagel Memo, Carson Memo, Kurta Memo). The meaning and implementation of these memoranda are central to the dispute in this lawsuit—whether the Defendant has properly adjudicated class members' discharge upgrade applications over time. The NDRB representative can speak only to the NDRB's understanding of the guidance governing discharge upgrade adjudications set forth in these policy memoranda, including the requirement that the NDRB provide "liberal consideration" to veterans' credible claims of PTSD, TBI, and related mental health conditions. That representative cannot speak, however, to whether and how the NDRB's understanding differs from that of the DOD, nor what steps, if any, DOD has taken to implement and monitor compliance with these military-wide memoranda. As Plaintiffs have alleged, the NDRB's treatment of veterans' claims of PTSD, TBI, and related mental health conditions contravenes binding guidance from the DOD itself, in addition to federal statute and regulations governing both the DOD and the NDRB. Any discrepancy between the NDRB's and DOD's respective interpretations of that law is therefore central to the Plaintiffs' claims. The DOD has the best knowledge of the meaning, intent, and its expectations for proper implementation of the policies it created.

Second, as the agency that oversees the DRBs across the military branches, *only* the DOD can provide relevant information regarding training, management, and oversight of the DRBs more generally. Adjudicating Plaintiffs' claims, and fashioning the appropriate relief to remedy these claims, depends in part on an understanding of the relationship between the DRBs and the DOD on these fronts. A DOD representative will be able to speak to these issues, while an NDRB representative will not. Moreover, this information will also inform Plaintiffs' preparation for the settlement conference and will ensure that the settlement conference is a productive use of the time and resources of both the parties and the Court.

*Manker, et al. v. Modley*, No. 3:18-cv-372 (CSH)
January 15, 2020
Page 3

### III. The Court Should Permit Plaintiffs to Serve a Subpoena and Notice a Rule 30(b)(6) Deposition of a DOD Representative

Plaintiffs have prepared the required subpoena and other documentation needed to notice the Rule 30(b)(6) deposition of a DOD representative, including a letter pursuant to the requirements of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). These documents are attached to this letter as Exhibit A.

For the reasons set forth above, Plaintiffs respectfully request that the Court permit Plaintiffs to serve the attached subpoena and notice a Rule 30(b)(6) deposition of a DOD representative to be completed before the settlement conference on February 19. Plaintiffs are available to participate in a phone conference to further discuss this issue if that would aid the Court. Plaintiffs appreciate the Court's assistance in resolving this matter.

Respectfully,

/s/ Susan J. Kohlmann

| | |
|---|---|
| Mollie Berkowitz, Law Student Intern | Susan J. Kohlmann, *pro hac vice* |
| Kayla Morin, Law Student Intern | Jeremy M. Creelan, *pro hac vice* |
| Samantha G. Peltz, Law Student Intern | Jeremy H. Ershow, *pro hac vice* |
| Blake Shultz, Law Student Intern | Jessica A. Martinez, *pro hac vice* |
| Renée A. Burbank, Supervising Attorney, ct30669 | Thomas J. Bullock* |
| Michael J. Wishnie, Supervising Attorney, ct27221 | Jenner & Block LLP |
| Veterans Legal Services Clinic | 919 Third Avenue |
| Jerome N. Frank Legal Services Org. | New York, NY 10022-3908 |
| Yale Law School† | Tel: (212) 891-1678 |
| P.O. Box 209090 | SKohlmann@jenner.com |
| New Haven, CT 06520-9090 | |
| Tel: (203) 432-4800 | |
| michael.wishnie@ylsclinics.org | |

\* Motion to appear *pro hac vice* forthcoming
† This letter does not purport to state the views of Yale Law School, if any.