# EXHIBIT A

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

January 15, 2020

Dr. Mark T. Esper
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

> Re:   Subpoena for Testimony of Department of Defense Official
> *Manker v. Modley*
> No. 3:18-cv-372 (CSH)

To Whom It May Concern:

We are counsel for Plaintiff-class in *Manker v. Modley*. Plaintiffs are a nationwide class of Navy and Marine Corps veterans who have served since 2001 with post-traumatic stress disorder ("PTSD"), traumatic brain injury ("TBI"), or other related mental health conditions who have been discharged with less-than-Honorable statuses, but excluding Bad Conduct or Dishonorable discharges, and have not received upgrades of their discharge statuses to Honorable from the Naval Discharge Review Board ("NDRB"). This case concerns whether the Navy is violating the Administrative Procedure Act and the Constitution in its adjudication of discharge upgrade applications at the NDRB. We have issued and caused to be served a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure for the deposition of a Department of Defense ("the Department") official with knowledge of Department of Defense training of the Discharge Review Boards ("DRBs"), Department of Defense policies for the DRBs, and Department of Defense management and oversight of the DRBs. A copy of the subpoena is attached as Exhibit A. This testimony is required on or before January 31, 2020 in order to inform a joint settlement conference taking place on February 19, 2020.

We submit this letter in compliance with 32 C.F.R. § 516.41, which sets forth the Department's *Touhy* regulations regarding subpoenas to compel the testimony of third parties. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

Department of Defense regulations require individuals seeking official information to submit, at least 14 days before the desired date of production, a specific written request setting forth the nature and relevance of the official information sought. 32 C.F.R. § 516.41(d). Pursuant to Federal Rule of Civil Procedure 30(b)(6) and the attached subpoena, we request that the agency designate a Department of Defense witness with knowledge of the following topics:

1) For the period from October 7, 2001, to the present, Department of Defense training of Discharge Review Board members and staff, including any training conducted with any Discharge Review Boards, information pertaining to the handling of discharge upgrade applications by veterans who were diagnosed with, or whose application materials contained evidence that they experienced PTSD, TBI, or related mental health conditions.

1

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

2) For the period from September 3, 2014, to the present, Department of Defense training of DRB members and staff pertaining to the implementation of: (1) the memorandum issued by Secretary of Defense Chuck Hagel on September 3, 2014, subject line "Supplemental Guidance to Military Boards for Correction of Military/Naval Records Considering Discharge Upgrade Requests by Veterans Claiming Post Traumatic Stress Disorder" (the "Hagel Memo"); (2) the memorandum issued by Acting Principal Deputy Under Secretary of Defense Brad Carson on February 24, 2016, subject line "Consideration of Discharge Upgrade Requests Pursuant to Supplemental Guidance to Military Boards for Correction of Military/Naval Records (BCMRs/BCNR) by Veterans Claiming Post Traumatic Stress Disorder (PTSD) or Traumatic Brain Injury (TBI)" (the "Carson Memo"); (3) the memorandum issued by Secretary of Defense Anthony Kurta on August 25, 2017, subject line "Clarifying Guidance to Military Discharge Review Boards and Boards for Correction of Military/Naval Records Considering Requests by Veterans for Modification of their Discharge Due to Mental Health Conditions, Sexual Assault, or Sexual Harassment" (the "Kurta Memo"); (4) the memorandum issued by Secretary of Veterans Affairs Robert Wilkie on July 25, 2018, subject line "Guidance to Military Discharge Review Boards and Boards for Correction of Military/Naval Records Regarding Equity, Injustice, or Clemency Determinations" (the "Wilkie Memo"); (5) the policy letter issued by Director of the Secretary of the Navy Council of Review Boards J.A. Riehl on September 18, 2017 (the "Riehl Policy Letter"); and (6) the amendment to 10 U.S.C. § 1553 enacted by Pub. L. 114–328, Div. A, Title V, § 535 (Dec. 23, 2016).

3) Department of Defense policies related to the DRBs including, but not limited to: (1) the Hagel Memo, (2) the Carson Memo, (3) the Kurta Memo, (4) the Wilkie Memo, and (5) the Riehl Policy Letter.

4) Department of Defense management and oversight of the DRBs including, but not limited to, quality control and oversight legal mechanisms and procedures.

The testimony of a Department of Defense designee with this knowledge is highly relevant to the key issues in dispute in this case. The Department of Defense drafted the above-listed memoranda, whose meaning and implementation are central to the dispute in this lawsuit—whether the Department has properly adjudicated class members' discharge upgrade applications over time. The Defendant has made numerous representations to the Court based on its understanding of the memoranda set forth by the Department of the Defense. The Department of Defense has the best knowledge of the meaning, intent, and its expectations for proper implementation of the policies it created. Finally, Plaintiffs require information on and an understanding of Department of Defense oversight of the DRBs in order to craft a proposed settlement or requested relief that will satisfy the disputed issues.

Plaintiffs request that the Department of Defense provide written notice at least five business days before the deposition of the name and employment position of the individual designated to testify on the Department of Defense's behalf and produce copies of (a) that

2

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

individual's curriculum vitae or resumé and (b) to the extent not previously produced, all documents that individual consulted or reviewed or intends to consult or review in preparation for his or her deposition and/or to refresh his or her recollection with respect to the topics identified in the attached Exhibit A.

Thank you for your prompt attention to this matter.

Sincerely,

/s/ Michael J. Wishnie

Mollie Berkowitz, Law Student Intern
Kayla Morin, Law Student Intern
Samantha G. Peltz, Law Student Intern
Blake Shultz, Law Student Intern*
Renée A. Burbank, Supervising Attorney, ct30669
Michael J. Wishnie, Supervising Attorney, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
Yale Law School†
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

Susan J. Kohlmann, *pro hac vice*
Jeremy M. Creelan, *pro hac vice*
Jeremy H. Ershow, *pro hac vice*
Jessica A. Martinez, *pro hac vice*
Thomas J. Bullock*
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1678
SKohlmann@jenner.com

* *Motion to appear pro hac vice forthcoming*

cc:    Natalie Elicker, Assistant U.S. Attorney, District of Connecticut
       Michelle McConaghy, Assistant U.S. Attorney, District of Connecticut
       David Nelson, Assistant U.S. Attorney, District of Connecticut

Encls.

3

# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | | |
|---|---|---|
| TYSON MANKER, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:18-cv-372 (CSH) |
| | ) | |
| THOMAS B. MODLEY, Acting Secretary of the Navy, | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
The United States Department of Defense
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

(1) Department of Defense training of the Discharge Review Boards ("DRBs"), (2) Department of Defense policies for the DRBs, and (3) Department of Defense management and oversight of the DRBs.

| Place: Jerome N. Frank Legal Services Organization, Yale Law School, 133 Wall Street, New Haven, CT 06511 | Date and Time: January 31, 2020 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenography

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Tyson Manker, et al.
_____, who issues or requests this subpoena, are:

Michael J. Wishnie, ct27221

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:18-cv-372 (CSH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).