

United States Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*   (203) 821-3700
*157 Church Street, 25th Floor*  Fax (203) 773-5376
*New Haven, Connecticut  06510*  www.justice.gov/usao-ct

March 6, 2020

The Honorable Robert M. Spector
United States Magistrate Judge
District of Connecticut
141 Church Street
New Haven, CT 06510

**Re:**   *Manker v. Modley*, No. 3:18-cv-372-CSH

Dear Judge Spector:

This letter identifies for the Court a discovery dispute that has arisen between the parties, and asks the Court's assistance in resolving this matter.

Yesterday, March 5, 2020, at 11:32 a.m., defendant alerted plaintiff that ninety-eight applications (which contain third-party information) were ready to be produced to plaintiffs (sooner than anticipated), once plaintiffs' counsel signed the production letter attached here. The letter sought to memorialize and clarify the terms for production, retention, and destruction of records, and the parties' joint obligations to exchange information.

Today, March 6, plaintiffs' counsel have stated that they will not sign the letter to confirm that they agree with its terms. Accordingly, the parties are at an impasse and require the Court's assistance.

Defendant seeks plaintiffs' counsel signature to confirm the following terms:

- The applications are produced subject to the Protective Order, ECF No. 92;
- The applications will be stored only on a secure, password-protected server;
- Plaintiffs' counsel and any third-party experts will not exchange applications among themselves via unencrypted e-mails;
- Plaintiffs' counsel and any third-party experts will not print any copies of the unredacted applications;
- At the conclusion of this litigation, you will send us confirmation correspondence that you have deleted the applications from your secure server, and have not retained any copies of any applications;
- Any statistic or statistical result that you obtain from the applications and which you convey to Court for settlement purposes, you will also convey to the defendant, along with a description of how you calculated the statistic;

- The parties will not submit ex parte letters to the court related to settlement.

The first five bullets confirm the Protective Order and address issues, with respect to the confidentiality of applications, that arose after the Court entered the Protective Order. *See* ECF No. 115 (describing incident with printed materials). These confidentiality issues were not addressed during the parties' joint telephone conference with the Court on Friday, February 28, 2020 (ECF No. 118), and thus defendant's requests are not foreclosed by any court order. These requests are reasonable restrictions on the retention and destruction of records, designed to protect the private information of third parties, who are not parties to the litigation.

The last two bullets confirm the defendants' understanding of the discussion, during the February 28, 2020 telephone conference with the Court, of the parties' joint obligations to share information that will aid the parties in reaching settlement.

The defendant therefore respectfully requests the Court's assistance with resolving this dispute.

Very truly yours,

John H. Durham,
U.S. ATTORNEY

/s/ Natalie N. Elicker
Natalie N. Elicker
ASSISTANT U.S. ATTORNEY