# The Jerome N. Frank Legal Services Organization
YALE LAW SCHOOL

**VIA ECF**

March 9, 2020

The Honorable Robert M. Spector
United States Magistrate Judge
District of Connecticut
141 Church Street
New Haven, CT 06510

      Re:    *Manker v. Modly*, No. 3:18-cv-372 (CSH)

Dear Judge Spector:

      Plaintiffs write in response to Defendant's letter, ECF No. 121, regarding production of underlying application documents. At the February 28, 2020, Discovery Conference, Plaintiffs and Defendant agreed to exchange copies of settlement memoranda by email by March 13, 2020. ECF No. 120. Defendant agreed to produce one hundred underlying applications by March 9, 2020. *Id.* The Court's order reflects that agreement. *Id.*

      On March 5, 2020, Defendant sent Plaintiffs a proposed Production Agreement ("Proposed Agreement") regarding the application documents. *See* Attachment to ECF No. 121. Defendant has said it will not produce the documents unless Plaintiffs sign the Proposed Agreement. However, the Proposed Agreement departs from the Court's February 28 order in several fundamental ways.

      First, the Proposed Agreement demands Plaintiffs convey to Defendant "[a]ny statistic or statistical result that [Plaintiffs] obtain from the applications and which [Plaintiffs] convey to Court for settlement purposes" including "a description of how [Plaintiffs] calculated the statistic." ECF No. 121. The February 28 order, ECF No. 120, contains no such requirement. Pursuant to that order, Defendant is entitled to read Plaintiffs' settlement memorandum, including statistics explicitly mentioned therein, if any, and Plaintiffs are entitled to the same. But the Order does not require Plaintiffs to share data or statistical analysis that is not within the settlement memorandum.

      Second, the Proposed Agreement demands Plaintiffs agree to refrain from printing application materials, a requirement beyond the scope of the Protective Order, ECF No. 92. Plaintiffs and Defendant already agreed in advance to the terms outlined in the Protective Order, which was specifically designed to cover sensitive documents. In fact, the Protective Order contemplated underlying applications as among those sensitive documents. ECF No. 92, para. 2 ("Protected Information specifically covers 'application documents.'"). The parties jointly proposed those terms to the Court, including terms related to keeping information secure and restricted, and to the destruction of protected information after the conclusion of the litigation. Despite the fact that the nature of the documents and the procedures used by Plaintiffs are identical in the companion *Kennedy* case, the Court did not impose these heightened conditions on disclosure in that case. Plaintiffs do not agree to the additional measures in the Proposed Agreement.

Finally, by doing so, Defendant is attempting to impose conditions that it previously raised, ECF No. 115, to which Plaintiffs objected, and which the Court did not impose. ECF No. 120. This is improper.

Despite this dispute, Plaintiffs are hopeful that Defendant will produce the underlying applications in time for Plaintiffs' to conduct a meaningful analysis to inform the settlement conference. We appreciate the Court's assistance with this matter.

Respectfully,

/s/ Michael J. Wishnie

| | |
|---|---|
| Mollie Berkowitz, Law Student Intern | Susan J. Kohlmann, *pro hac vice* |
| Bardia Faghivaseghi, Law Student Intern | Jeremy M. Creelan, *pro hac vice* |
| Kayla Morin, Law Student Intern | Jeremy Ershow, *pro hac vice* |
| Samantha Peltz, Law Student Intern | Jessica A. Martinez, *pro hac vice* |
| Blake Shultz, Law Student Intern | Jenner & Block LLP |
| Renée A. Burbank, Supervising Attorney, ct30669 | 919 Third Avenue |
| Michael J. Wishnie, Supervising Attorney, ct27221 | New York, NY 10022-3908 |
| Veterans Legal Services Clinic | Tel: (212) 891-1678 |
| Jerome N. Frank Legal Services Org. | SKohlmann@jenner.com |
| Yale Law School[†] | |
| P.O. Box 209090 | |
| New Haven, CT 06520-9090 | |
| Tel: (203) 432-4800 | |
| michael.wishnie@ylsclinics.org | |

---

[†] This letter brief does not purport to state the views of Yale Law School, if any.