## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYSON MANKER, on behalf of himself and all others similarly situated, and NATIONAL VETERANS COUNCIL FOR LEGAL RE-DRESS, on behalf of itself, its members, and all others similarly situated, | No. 3:18-cv-00372-CSH |
| *Plaintiffs*, | March 23, 2020 |
| v. | |
| THOMAS B. MODLY, Acting Secretary of the Navy, | |
| *Defendant*. | |

## MOTION FOR EXPEDITED SUPPLEMENTATION OF ADMINISTRATIVE RECORD AND TO SET A SCHEDULE FOR SUMMARY JUDGMENT

Plaintiffs respectfully request that the Court order expedited supplementation of the administrative record as it relates to named Plaintiff Tyson Manker and National Veterans Council for Legal Redress ("NVCLR") member John Doe, and further, that the Court set a schedule for summary judgment on Claim IV (the legal claims of Tyson Manker) and Claim V (the legal claims of NVCLR on behalf of John Doe). Complaint, ECF No. 1, at 39-40.

On November 7, 2019, this Court ordered remands of Mr. Manker and Mr. Doe's previously denied applications for discharge upgrade at the Naval Discharge Review Board ("NDRB"), requiring that the NDRB rule on Mr. Manker and Mr. Doe's petitions by March 7, 2020. Rulings on Defendant's Mot. to Dismiss or Remand and on Cross-Motions for Disc., ECF No. 79 ("Order on Mot. to Dismiss") at 41. The Court's decision noted Defendant's arguments that the NDRB had decided the applications of Mr. Manker and Mr. Doe prior to issuance of the

Kurta Memo, that this guidance would be "likely favorable" to both Mr. Manker and Mr. Doe, and that "[a]llowing the Navy to apply this guidance now to Plaintiffs' petitions may very well obviate the need for judicial review and relief." *Id.* at 35. In ordering remand, the Court said, "I regard those aspects of counsel's discussions as reflective of professional analysis, rather than exercises in advocacy intended to achieve a particular result on this motion." *Id.* at 37.

The Defendant's representations that remands would be "likely favorable" to Mr. Manker and Mr. Doe were wrong. In the case of Mr. Doe, the NDRB denied his renewed petition in full. In its March 13 denial, the NDRB excoriated Mr. Doe. It also failed to properly apply the Kurta Memo, Wilkie Memo, and other applicable guidance and rejected his claim that severe PTSD and related symptoms (including alcohol abuse, severe depression, and suicidality) outweighed his relatively minor misconduct. *See* Doe Decision, Ex. A to ECF No. 130, at 5-6.

The NDRB also denied Mr. Manker an upgrade to fully Honorable, maintained the narrative reason for his separation as "misconduct," and adjusted his discharge status only to General, under Honorable Conditions. *See* Manker Decision, Ex. B to ECF No. 130. As in Mr. Doe's case, the NDRB failed to meaningfully apply the binding guidance meant to serve applicants like Mr. Manker, even though the Navy conceded that Mr. Manker was "likely . . . exhibiting PTSD symptomology" even before separation. *Id.* at 5. Indeed, Mr. Manker is the paradigmatic candidate for an upgrade to Honorable under the Kurta Memo and the 2017 National Defense Authorization Act. The Kurta Memo *explicitly* contemplates that combat-related PTSD mitigates discrete, self-medicating misconduct such as Mr. Manker's. Defendant's brief to the court noted this provision was likely to be "[e]specially favorable" for him. Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss, or in the Alterative, Mot. for Voluntary Remand, ECF 67-1 at 30.

These latest arbitrary and capricious adjudications necessitate judicial intervention to ensure Mr. Manker and Mr. Doe receive the upgrades to Honorable that they are due. If the NDRB will not do what the law requires for Mr. Manker and Mr. Doe—under the spotlight of judicial scrutiny, when the Navy's own counsel has represented that current law was "likely favorable," and when the Court had indicated its expectation that government counsel's statements reflected "professional analysis"—then there is little hope for the many thousands of similarly-situated class members with less representation and less judicial oversight. The new denials lay bare the underlying reason for the NDRB's atrocious upgrade rate: a demonstrated pattern of snubbing wounded veterans instead of giving them the "liberal consideration" mandated by Congress and the military's own binding guidance.

Moreover, adjudication of Mr. Manker and Mr. Doe's claims apart from class members' claims is proper. Courts may consider the claims of individual named plaintiffs separately from class claims. *See Reid v. Donelan*, 819 F.3d 486, 501 (1st Cir. 2016) *aff'd in relevant part* 2018 WL 4000993 at *1 (1st Cir. May 11, 2018) (affirming adjudication of the named class member's individual habeas petition first, while litigation continues for the class). Accordingly, Mr. Manker and Mr. Doe's claims justify individual adjudication as settlement negotiations remain pending for the class claims. As in *Kennedy*, discharge status upgrades to Honorable would not preclude full adjudication of class members' claims. *See* Defs.' Status Rep. on Carson Upgrade, *Kennedy v. McCarthy*, No. 3:16-cv-02010 (WWE), ECF No. 30 (D. Conn. Oct. 23, 2017).

In light of the two remand decisions, Plaintiffs respectfully request that the Court:

1.     Lift the stay on proceedings relating to Mr. Manker and Mr. Doe's legal claims (Claims IV and V of the Complaint, respectively);

2.    Direct the Navy to supplement the Administrative Record for each of Mr. Manker and Mr. Doe within 7 days, to account for the remands; and

3.    Set a schedule for cross-motions for summary judgment on the individual claims of Mr. Manker and Mr. Doe, such that opening briefs are due 30 days after production of the supplemental Administrative Record; opposition briefs 30 days thereafter; and reply briefs 15 days after that.

Mr. Doe continues to struggle with his mental health and does not have ongoing access to such medical care. Mr. Manker continues to suffer deep psychological injury at the hands of the Navy, which refuses to recognize his Honorable and valiant service to his country as a young man, and his ongoing service to veterans today as an advocate. Although Plaintiffs are concerned about and attentive to the present COVID-19 outbreak, Plaintiffs believe that this briefing can be prepared from home computers and therefore Plaintiffs respectfully request that litigation of Mr. Manker and Mr. Doe's claims resume expeditiously. The need to promptly proceed on Mr. Manker and Mr. Doe's claims is even greater in light of Defendant's representations that they are unable to attend the scheduled April 14, 2020 settlement conference in person and unwilling to do so telephonically. Plaintiffs represent that they are prepared and willing to attend the settlement conference on that date.

Plaintiffs solicited Defendant's position as to these proposed deadlines for supplementation and briefing by email dated March 16. Counsel for Defendant expressed that they are unable to agree to this proposed timeline, citing logistical constraints, and have not proposed an alternative.

Dated:        March 23, 2020
              New Haven, Connecticut

Respectfully,

/s/ Michael J. Wishnie

Mollie Berkowitz, Law Student Intern
Kayla Morin, Law Student Intern
Samantha Peltz, Law Student Intern
Blake Shultz, Law Student Intern
Bardia Vaseghi, Law Student Intern
Renée A. Burbank, Supervising Attorney, ct30669
Michael J. Wishnie, Supervising Attorney, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
Yale Law School†
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

Susan J. Kohlmann, *pro hac vice*
Jeremy M. Creelan, *pro hac vice*
Jeremy Ershow, *pro hac vice*
Jessica A. Martinez, *pro hac vice*
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1678
SKohlmann@jenner.com

---

† This motion does not purport to state the views of Yale Law School, if any.

## CERTIFICATION OF SERVICE

I hereby certify that on March 23, 2020, a copy of the foregoing Motion for Expedited Supplementation of Administrative Record and to Set a Schedule for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Michael J. Wishnie
Michael J. Wishnie (ct27221)